HON. DONALD A. SCHNEIDER Town Attorney, Milo
This is in response to your recent letter to our office wherein you ask our opinion as to whether or not there are any prohibitions in the Labor Law or Education Law regarding minors sixteen years and older serving as volunteer firemen for a volunteer fire department. You also ask whether or not the inability of minors to answer fire calls while attending school would affect their status as active members of said fire department.
We will assume that the fire department's by-laws permit minors sixteen years and older to membership as volunteer firemen. However, you state that said minors are not permitted to drive fire vehicles or operate radios and they would not be permitted in or on burning buildings. Our opinion herein is limited to this factual situation.
A predecessor Attorney General held in 1945 Atty. Gen. 242 that sections 130 et seq., of the Labor Law and sections 629 et seq., of the Education Law, relating to unlawful employment of minors, are without application to minors under eighteen years of age so as to prevent their acting as volunteer firemen. However, the opinion went on to say, minors to whom the compulsory attendance provisions of the Education Law are applicable may not be excused from such attendance to answer fire alarms. Insofar as this opinion applies to your inquiry of minors sixteen years and older and the factual situation herein, we see no present reason to disturb this holding.
In a formal opinion of the Attorney General dated October 26, 1976, it was held that a volunteer ambulance service organization established pursuant to Article 30 of the Public Health Law was not subject to the restrictions or requirements of the Labor Law or Education Law regarding unlawful employment of minors in utilizing the services of minors sixteen years and older as volunteer aides on its ambulances. That opinion was based on the fact that the ambulance organization was a charitable entity and there was not an employment or commercial relationship between the parties, and there was not a contract for hire and the minor was not being used for profit. Assumedly, this type of factual relationship between the parties also applies herein. Since there was not an employment relationship established, the restrictions and prohibitions of Labor Law, §§ 130 et seq., or of the Education Law, § 3215, regarding the unlawful employment of minors, did not apply (Bernal v.Baptist Fresh Air Society, 275 App. Div. 88 [1st Dept., 1949], affd.300 N.Y. 486).
We held in 1970 Atty. Gen. [Inf.] 69, that minors sixteen years and over who are duly admitted into a fire company as provided in Town Law, §176-b, would be covered by the Volunteer Firemen's Benefit Law. In order to be covered by such law, the volunteer fireman would have to be an "active" member as defined in section 3(1) of said law. We see no reason why compulsory attendance of minors pursuant to Education Law, §§ 3204
— 3206, for those school districts adopting the same, would preclude the minor from the status of an active volunteer fireman, provided that said minors are subject to call for duty and do not have an option of placing themselves on duty while not in compulsory school attendance (see, 1958 Atty. Gen. [Inf.] 168). We call your attention to the provisions of Education Law, §§ 3205(3) and 3206(1), regarding compulsory school attendance of minors over sixteen years and which may apply in some school districts and would, therefore, as aforementioned, have to be complied with.
Accordingly, we conclude that a minor over the age of sixteen years may serve as a volunteer with a volunteer fire department. We also conclude that a minor would be considered an active volunteer fireman pursuant to Volunteer Firemen's Benefit Law, § 3(1), even though said minor may be subject to compulsory school attendance pursuant to Education Law, §§ 3204 — 3206, provided that said minor was subject to call for duty and does not have an option of placing himself on duty while not in compulsory school attendance.